STATE OF MAINE

| SUPERIOR COURT | DISTRICT COURT |
|---|---|
| _Knox County_, ss. | Location _____ |
| Docket No. _ROCSC-CV-2017-00005_ | Docket No. _____ |

_____Gretchen Crawford_____ Plaintiff

v.

**SUMMONS**
M.R. Civ. P. 4(d)

___Kno-Wal-Lin Home Care + Hospice___ Defendant

___170 Pleasant St.___ Address
___Rockland, ME 04841___

    The Plaintiff has begun a lawsuit against you in the (District) (**Superior**) Court, which holds sessions at (street address) ___62 Union St.___, in the Town/City of ___Rockland___, County of ___Knox___, Maine. If you wish to oppose this lawsuit, you or your attorney **MUST PREPARE AND SERVE A WRITTEN ANSWER** to the attached Complaint **WITHIN 20 DAYS** from the day this Summons was served upon you. You or your attorney must serve your Answer, by delivering a copy of it in person or by mail to the Plaintiff's attorney, or the Plaintiff, whose name and address appear below. You or your attorney must also file the original of your Answer with the court by mailing it to the following address: Clerk of (District) (Superior) Court, ___62 Union St.___

| ___Rockland___ | , ___Rockland___ | , Maine ___04841___ |
|---|---|---|
| (Mailing Address) | (Town, City) | (Zip) |

before, or within a reasonable time after, it is served. Court rules governing the preparation and service of Answer are found at www.courts.maine.gov.

### IMPORTANT WARNING

**IF YOU FAIL TO SERVE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU IN YOUR ABSENCE FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR EMPLOYER MAY BE ORDERED TO PAY PART OF YOUR WAGES TO THE PLAINTIFF OR YOUR PERSONAL PROPERTY, INCLUDING BANK ACCOUNTS AND YOUR REAL ESTATE MAY BE TAKEN TO SATISFY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS LAWSUIT, DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.**

    If you believe the plaintiff is not entitled to all or part of the claim set forth in the Complaint or if you believe you have a claim of your own against the Plaintiff, you should talk to a lawyer. If you feel you cannot afford to pay a fee to a lawyer, you may ask the clerk of court for information as to places where you may seek legal assistance.

_(signature)_ (Seal of Court)

Date: ___1/24/17___

_____
Clerk

___Gregory P. Snow___
(Attorney for) Plaintiff
___22 Horse Farm Lane___ Address
___So. Thomaston, ME 04858___
___(207) 593-2494___ Telephone

CV-030, Rev. 06/14

**EXHIBIT A**

**STATE OF MAINE**

County of _____ ,ss.

On _____ (date), I served the Complaint (and Summons) upon Defendant _____ _____ by delivering a copy of same at the following address: _____

☐ to the above-named Defendant in hand.

☐ to _____ (name), a person of suitable age and discretion who was then residing at Defendant's usual residence.

☐ to _____ (name), who is authorized to receive service for Defendant.

☐ by (describe other manner of service): _____

**Costs of Service:**

| | |
|---|---|
| Service: | $_____ |
| Travel | $_____ |
| Postage | $_____ |
| Other | $_____ |
| | |
| **Total** | $_____ |

_____
Signature

_____
Agency

CV-030, Rev. 06/14

STATE OF MAINE

| SUPERIOR COURT | DISTRICT COURT |
|---|---|
| Knox County, ss. | Location _____ |
| Docket No. ROSC-cv-2017-00005 | Docket No. _____ |

Gretchen Crawford **Plaintiff**

v.

**SUMMONS**
M.R. Civ. P. 4(d)

Pen Bay Health Care _____ Defendant

Glen Cove Drive _____ Address
Rockport, ME 04856

    The Plaintiff has begun a lawsuit against you in the (District) (Superior) Court, which holds sessions at (street address) 62 Union St. _____, in the Town/City of Rockland _____, County of Knox _____, Maine. If you wish to oppose this lawsuit, you or your attorney **MUST PREPARE AND SERVE A WRITTEN ANSWER** to the attached Complaint **WITHIN 20 DAYS** from the day this Summons was served upon you. You or your attorney must serve your Answer, by delivering a copy of it in person or by mail to the Plaintiff's attorney, or the Plaintiff, whose name and address appear below. You or your attorney must also file the original of your Answer with the court by mailing it to the following address: Clerk of (District) (Superior) Court, 62 Union St. _____, Rockland _____, Maine 04841
    (Mailing Address)      (Town, City)      (Zip)

before, or within a reasonable time after, it is served. Court rules governing the preparation and service of Answer are found at www.courts.maine.gov.

**IMPORTANT WARNING**

**IF YOU FAIL TO SERVE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU IN YOUR ABSENCE FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR EMPLOYER MAY BE ORDERED TO PAY PART OF YOUR WAGES TO THE PLAINTIFF OR YOUR PERSONAL PROPERTY, INCLUDING BANK ACCOUNTS AND YOUR REAL ESTATE MAY BE TAKEN TO SATISFY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS LAWSUIT, DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.**

    If you believe the plaintiff is not entitled to all or part of the claim set forth in the Complaint or if you believe you have a claim of your own against the Plaintiff, you should talk to a lawyer. If you feel you cannot afford to pay a fee to a lawyer, you may ask the clerk of court for information as to places where you may seek legal assistance.

(Seal of Court)

Date: 1/24/17 _____ _____
    Clerk

Gregory E. Snow
(Attorney for) Plaintiff
22 Horse Farm Ln., POB 188 Address
So. Thomaston, ME 04858-0188
207-593-2494 _____ Telephone

CV-030, Rev. 06/14

**STATE OF MAINE**

County of _____ ,ss.

On _____ (date), I served the Complaint (and Summons) upon Defendant _____ _____ by delivering a copy of same at the following address: _____

☐ to the above-named Defendant in hand.

☐ to _____ (name), a person of suitable age and discretion who was then residing at Defendant's usual residence.

☐ to _____ (name), who is authorized to receive service for Defendant.

☐ by (describe other manner of service):
_____
_____

**Costs of Service:**

| | |
|---|---|
| Service: | $_____ |
| Travel | $_____ |
| Postage | $_____ |
| Other | $_____ |
| **Total** | $_____ |

_____
Signature

_____
Agency

CV-030, Rev. 06/14

| | |
|---|---|
| STATE OF MAINE | SUPERIOR COURT |
| KNOX; SS | CIVIL ACTION |
| | LOCATION: ROCKLAND |
| | DOCKET NO. |

**GRETCHEN CRAWFORD, Plaintiff**

vs.                                                                                              **COMPLAINT**

**PEN BAY HEALTH CARE, a Maine non-profit Corporation**

**and KNO-WAL-LIN HOME CARE AND HOSPICE, a Maine**

**non-profit corporation and part of PEN BAY HEALTH**

**CARE Defendants.**

## COMPLAINT

Plaintiff GRETCHEN CRAWFORD (hereafter "Plaintiff") complaining against Defendants NO-WAL-LIN (hereafter "NWL") and PEN BAY HEALTH CARE, (hereafter "PBHC"), Maine Corporations, states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Commission arises under the Maine Civil Rights Act (hereafter the MCRA or "the Act"), MCRA. Title 5, Sections 4572 *et seq*. And Titles 1 and 5 of the American with Disabilities Act.

2. Venue is appropriate in this jurisdiction, as the Plaintiff resides here, both Defendants have their corporate headquarters here, and they are subject to personal jurisdiction in Knox County.

1

## JURISDICTIONAL PREREQUISITES

3. This matter is being filed within 91 days of Denial of Plaintiff's Petition by the Maine Civil Rights Commission. (On the ninetieth day, January 24, 2017, the Knox County Court was closed due to weather.)

4. At all times relevant, Respondents were and are employers involved in an industry affecting commerce which has 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

5. At all times relevant, Petitioner was and is an aggrieved individual in accordance with Title 5, Section 4572.

## STATEMENT OF FACTS

6. Plaintiff is a duly certified Registered Nurse, having been so certified since 1984 and is currently licensed in the State of Maine, specializing in hospice practice.

7. Plaintiff has been employed at various periods by PBHC and its affiliates since 2001, including the Knox Center, KWL and Quarry Hill Retirement Community Center.

8. From 2001 until she was hired by KWL on July 16, 2012, Plaintiff always met Respondent's legitimate expectations in the performance of her job.

9. Her work was always complimented by supervisors and customers.

10. She never received any disciplinary write-ups or warnings of any kind.

11. She received regular raises during that time period.

12. She was never placed on a probationary status.

13. On July 16, 2012 at Defendant KWL's place of business, Plaintiff was hired by Heidi McCaffery to work as a RN Hospice Case Manager.

14. Plaintiff was raped in 1989 and as a result has been diagnosed with Post Traumatic Stress Disorder due to that incident.

15. As detailed below, Plaintiff started working in a hostile work environment, was refused accommodation, and was shortly terminated by Cathy McKeown, Director of Human Resources.

16, McKoewn had the power and the authority to effectively recommend the termination of members of the nursing staff.

17. As a result of that experience, Plaintiff suffers from any experiences of extreme distress and resultantly became ill and was placed on antidepressant medication as well as, on occasion, on sick leave.

18. KWL and its personnel, especially Leann Sebring and Heidi McCaffery, as well as PBHC were well aware of Plaintiff's condition.

19. The Defendants, despite this knowledge, have:

    a. failed to furnish the Plaintiff with the equipment required for her job performance and, in fact, gave Plaintiff defective equipment requiring her to work much longer hours, often as much as eighty (80) or more hours a week;

    b. Leann Sebring and Heidi McCafferty repeatedly embarrassed Plaintiff by shouting at and humiliating Plaintiff in the presence of other staff and superiors, thereby creating a hostile working environment for the Plaintiff;

      c. was given call sheets at the last minute and not allowed, as others were, to choose her weekends, days and nights off;

      d. made no serious attempt to accommodate Plaintiff's disability of which they were aware, or should have been aware, except on one occasion shortly before Plaintiff was terminated which was unsuccessful and not followed;

      e. others acts of harassment and disrespect.

## DISCRIMINATION BASED ON DISABILITY

20. Plaintiff adopts and realleges all of the allegations contained in paragraphs 1-19, and reiterates the same as if fully set forth herein.

21. Plaintiff was terminated due to her disability and the failure by Defendants to reasonably accommodate Plaintiff's disability as required under state and federal statute.

22. As a direct and proximate result of Plaintiff's termination based on her disability, Plaintiff has been caused to lose her job, suffer lost wages and fringe benefits, and pay the costs of bringing her lawsuit, including all costs, expert witness fees and attorney's fees.

WHEREFORE, Plaintiff prays for the following relief against Defendants:

 A. all back pay in the form of lost wages and fringe benefits, from the time of termination through the date of trial less any legally appropriate set-offs.

 B. an order of the Court requiring Defendants to reinstate Plaintiff to the position she held at the

time of termination with no loss of seniority or benefits, unless reinstatement is not feasible, in which case, an order requiring Defendants to pay Plaintiff front pay for a period of time until she is made whole as required by statute.

C. an order of the Court awarding Plaintiff reasonable attorney's fees.

D. an order awarding Plaintiff all costs incurred in her case.

E. an order awarding Plaintiff all expert witness fees and costs;

F. an order awarding Plaintiff whatever further and other relief the Court deems appropriate and just.

Respectfully submitted,

*/s/ Gregory E. Snow*
Gregory E. Snow, LLP
Gregory E. Snow (Maine ID 04987)
22 Horse Farm Lane
P.O. Box 188
South Thomaston, ME 04858
ph. (207)593-2494

Dated: January 24, 2017